ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569
    Facsimile: (213) 894-7177
    E-mail: Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 08-03306-GHK (SHx) |
| Plaintiff, | [PROPOSED] |
| vs. | CONSENT JUDGMENT OF FORFEITURE |
| $2,525,059.70 IN U.S. CURRENCY, $29,500.00 IN EUROS, $2,500.00 IN TRAVELERS CHECKS AND $125,435.62 IN BANK FUNDS, | |
| Defendants. | |
| LAMONT BENNETT, JILL JOHNSON BENNETT and LIGHT UP LIFE ENTERTAINMENT, INC., | |
| Claimants. | |

On or about May 19, 2008, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Complaint for Forfeiture alleging that the

defendants $2,525,059.70 in U.S. Currency,[1] $29,500.00 in Euros, $2,500.00 in Travelers Checks and $125,435.62 in Bank Funds (collectively, the "defendants") are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984 and 21 U.S.C. § 881(a)(6).

On or about July 14, 2008, claimants Lamont Bennett, Jill Johnson Bennett and Light Up Life Entertainment, Inc. (collectively, "claimants") filed their respective claims to various defendants. More specifically, claimant Lamont Bennett filed a claim to $1,380,862.00, $14,238.35, $5,474.35 and $300,000.00, respectively, of the defendant $2,525,059.70 in U.S. Currency; defendant $29,500.00 in Euros; defendant $2,500.00 in Travelers Checks; and defendant $125,435.62 in Bank Funds. Claimant Jill Johnson Bennett filed a claim to $1,380,862.00, $14,238.35, $5,474.35 and $300,000.00, respectively, of the defendant $2,525,059.70 in U.S. Currency; defendant $29,500.00 in Euros; defendant $2,500.00 in Travelers Checks; and defendant $125,435.62 in Bank Funds. Claimant Light Up Life Entertainment, Inc. filed a claim to $824,485.00 out of the defendant $2,525,059.70 in U.S. Currency. Claimants filed their respective answers to the Complaint for Forfeiture on or about August 1, 2008.

---

[1] The defendant $2,525,059.70 in U.S. Currency consists of $1,380,862.00 seized on or about August 29, 2007 from the Tarzana, California residence of Lamont Bennett, $824,485.00 seized on or about August 29, 2007 from the 2007 Audi S8 which Lamont Bennett was driving, $14,238.85 seized on or about August 29, 2007 from a male purse situated inside the 2007 Audi S8, $5,474.35 seized on or about August 29, 2007 from Lamont Bennett himself and $300,000.00 seized on or about August 31, 2007 from Safe Deposit Box Number 2714 at HSBC Bank USA, 16311 Ventura Boulevard, Encino, California.

No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and claimants are also parties in a related civil forfeiture action, entitled <u>United States of America v. $475,000.00 in Bank Funds</u>, Case No. CV 08-05260-GHK(SHx) (the "related civil forfeiture litigation"), in which Lamont Bennett and Jill Johnson Bennett have filed claims to the defendant $475,000.00 in Bank Funds and answered the complaint.

The government and claimants have now agreed to a global settlement of this action and the related civil forfeiture litigation, and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984 and 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than claimants. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

/ / /

4.   $1,380,862.00 and $824,485.00, respectively, of the defendant $2,525,059.70 in U.S. Currency, plus the interest earned by the United States of America on $1,380,862.00 and $824,485.00, respectively, of the defendant $2,525,059.70 in U.S. Currency, shall be condemned and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

5.   The remainder of the defendants (i.e., $14,238.85, $5,474.35 and $300,000.00 of the defendant $2,525,059.70 in U.S. Currency; defendant $29,500.00 in Euros; defendant $2,500.00 in Travelers Checks; and defendant $125,435.62 in Bank Funds), plus all interest earned by the United States of America on $14,238.85, $5,474.35 and $300,000.00 of the defendant $2,525,059.70 in U.S. Currency; defendant $29,500.00 in Euros; defendant $2,500.00 in Travelers Checks; and defendant $125,435.62 in Bank Funds (collectively, the "Non-Forfeited Funds") shall be returned to claimants Lamont Bennett and Jill Johnson Bennett.

6.   The funds to be returned to claimants Lamont Bennett and Jill Johnson Bennett pursuant to paragraph 5 above shall be paid to them by electronic transfer directly into the client trust account of Paul Gabbert, Esq., attorney of record for claimants in this case. Claimants Lamont Bennett and Jill Johnson Bennett (through their attorney of record Paul Gabbert, Esq.) shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing claimants' attorney of record's

taxpayer identification number, and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the Paul Gabbert client trust account to which the transfer of funds is to be made.

    7. The forfeiture of the $1,380,862.00 and $824,485.00, respectively, of the defendant $2,525,059.70 in U.S. Currency, plus the interest earned by the United States of America on those monies (as provided in paragraph 4 above) does not constitute and shall not be construed as a payment of any taxes (including income taxes), fines or other obligations which may be owed by any of the claimants, and this Consent Judgment of Forfeiture does not in any way affect any existing tax (including income tax), fine, liability or other debt owed by any of the claimants. Notwithstanding anything to the contrary in this Consent Judgment of Forfeiture (including, without limitation, paragraphs 5 and 6 above pertaining to the return of the Non-Forfeited Funds), nothing contained in this Consent Judgment of Forfeiture shall be deemed to restrict, waive, limit or otherwise prejudice in any way any rights of the United States of America (or any of its departments, agencies, representatives or designees) to seize, attach, levy on or by any other means take possession of any or all of the Non-Forfeited Funds, in order to satisfy any tax (including income tax), fine, liability or other debt owed by any of the claimants, before those funds are returned to claimants Lamont Bennett and Jill Johnson Bennett by electronic transfer (as provided in paragraph 6 above). Should the United States of

1  America (or any of its departments, agencies, representatives or
2  designees) undertake such action as to any or all of the Non-
3  Forfeited Funds, the affected Non-Forfeited Funds shall not be
4  physically returned to claimants Lamont Bennett
5  and Jill Johnson Bennett by electronic transfer (as provided in
6  paragraph 6) or otherwise.
7     8.   Claimants, and each of them, on behalf of themselves
8  and each of their respective officers, directors, shareholders,
9  employees, agents, representatives, heirs, successors and
10 assigns (if any) hereby release the United States of America,
11 its agencies, agents, officers, employees and representatives,
12 including, without limitation, all agents, officers, employees
13 and representatives of the Drug Enforcement Administration, the
14 Department of Justice and their respective agencies, as well as
15 all agents, officers, employees and representatives of any state
16 or local governmental or law enforcement agency involved in the
17 investigation or prosecution of this matter, from any and all
18 claims, actions, or liabilities arising out of or related to
19 this action, including, without limitation, any claim for
20 attorney fees, costs, and interest, which may be asserted by or
21 on behalf of claimants, or any of them, whether pursuant to 28
22 U.S.C. § 2465 or otherwise.
23    9.   The Court finds that there was reasonable cause for
24 the seizure of the defendants and institution of these
25 proceedings.  This judgment shall be construed as a certificate
26 of reasonable cause pursuant to 28 U.S.C. § 2465.
27 / / /
28 / / /

10.  The Court further finds that claimants did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

         11.  This Consent Judgment of Forfeiture is contingent upon the Court's entry of the consent judgment of forfeiture lodged contemporaneously herewith in the related civil forfeiture litigation.

DATED: 11/21/13

_____
THE HONORABLE GEORGE H. KING
UNITED STATES DISTRICT JUDGE

CONSENT

The parties hereto consent to the above Consent Judgment of Forfeiture and waive any right of appeal.

DATED: 10/28, 2013

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: 10/25, 2013

PAUL L. GABBERT

Attorneys for Claimants
LAMONT BENNETT, JILL JOHNSON BENNETT and LIGHT UP LIFE ENTERTAINMENT, INC.

DATED: _____, 2013

LAMONT BENNETT

DATED: 10/23, 2013

JILL JOHNSON BENNETT

DATED: _____, 2013

LIGHT UP LIFE ENTERTAINMENT, INC.
GREGORY HOOFKIN
CHIEF FINANCIAL OFFICER

8